**Weijian SONG, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–72919.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.\*\*

Decided April 11, 2005.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Weijian Song, Monterey Park, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Margaret J. Perry, R. Lynne Harris, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

## MEMORANDUM ***

Weijian Song, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We dismiss in part and deny in part.

We lack jurisdiction to review the BIA's finding that respondent was ineligible for asylum because his application was not filed within a year of his last arrival to the United States and there was no evidence of extraordinary circumstances. *See* 8 U.S.C. § 1158(a)(3); *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002).

We have jurisdiction to review Song's withholding of removal claim pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny that claim on the merits. Substantial evidence supports the IJ's finding that Song failed to establish a clear probability of persecution on account of one of the five enumerated protected grounds. *See Ghaly v. INS*, 58 F.3d 1425, 1428–29 (9th Cir.1995). Song testified that he encountered problems with his employer after he exposed corruption within the company and that he feared returning to China because he violated Chinese law by leaving the country after working on classified projects. Neither of these establish persecution on account of a protected ground. *See Sangha v. INS*, 103 F.3d 1482, 1486–1487 (9th Cir.1997); *Abedini v. INS*, 971 F.2d 188, 191 (9th Cir.1992) (holding that prosecution for violating laws of general applicability does not constitute grounds for asylum, including restrictions on travel abroad).

We lack jurisdiction to address Song's CAT claim because it is unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004) (holding that this court lacks jurisdiction to review a claim not presented in the administrative proceedings below).

PETITION FOR REVIEW DISMISSED in part and DENIED in part.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.